UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID H. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-466-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD G. CLEM, individually, SUSAN C. LAWSON, individually, TIMOTHY R. SAYLOR, individually and in his official capacity as Superintendent of the Harlan County Schools, MICHAEL HEAD, individually and in his official capacity as hearing officer of the Kentucky Attorney General's Division of Administrative Hearings, and TWO UNNAMED EMPLOYEES OF THE KENTUCKY ATTORNEY GENERAL, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Clem and Saylor's Motion for Ruling [Record No. 16], Motion to Dismiss [Record No. 17] and Motion for Leave [Record No. 33], Defendant Lawson's Motion to Dismiss [Record No. 20], Defendant Head's Motion to Dismiss [Record No. 24], and Plaintiff's Motion to Stay Proceedings, Motion to Strike All Defenses, Motion for Leave to File Second Amended Complaint, and Motion to Strike Defendant Lawson's Reply Memorandum [Record Nos. 31, 32, 34 and 35]. For the reasons discussed below, the Court will grant the motions to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on statute of limitations grounds. All other motions will be denied.

**I.     BACKGROUND**

During the 1995-96 school year, Plaintiff David Dixon was a certified teacher at Cumberland High School within the Harlan County school system. Dixon also operated a photographic studio in Cumberland, Kentucky. Dixon won a number of awards for his photography, and has been the official photographer for a variety of school events.

On October 24, 1995, with school approval, Dixon allowed students to come to his studio to retake their senior yearbook pictures. Dixon made arrangements for one of the minor students, S.C., to return to the studio later that evening for an additional photo sessions. S.C. was a 17 year old senior who was a member of one of Dixon's classes.

S.C. returned to the studio around 6:00 p.m., along with another student. Dixon took a number of photographs of the two girls together, in various poses and outfits. At some point, the other student left the studio with Dixon's daughter, leaving Dixon and S.C. alone. Dixon then proceeded to take additional photographs of S.C. In at least some of these photographs, S.C. was wearing no clothing from the waist up, though her nipples were covered either by her hair or a fishnet.

On March 26, Grace Ann Tolliver, then Superintendent of the Harlan County Schools, issued a letter suspending Dixon pending termination of his contract. Tolliver alleged that Dixon had taken "topless" photos of a student, and that such conduct constituted conduct unbecoming a teacher.

To terminate Dixon's contract, a tribunal was convened by the Harlan County School Board to hear the charges against Dixon. Susan Lawson, the school board's attorney, presented evidence against Dixon, including several groups of photographs which showed S.C. without any clothing above the waist. Dixon admitted to taking some of the photographs, arguing they were not "nude"

because the student's nipples and part of her breast were covered with either hair or a fishnet. Dixon adamantly denied taking other photographs which were more revealing, stating that the photographs were not his.

The tribunal unanimously found Dixon guilty of conduct unbecoming a teacher and, by a 2-1 vote, upheld Tolliver's recommendation that Dixon be terminated. The tribunal based this decision on unanimous findings that Dixon participated in guiding S.C. in the poses in which she has no clothes above the waist, that S.C. never told Dixon she was 18, and that Dixon took all of the photographs and those photographs were unaltered. Dixon's own counsel at the hearing, JoEllen McComb, admitted that Dixon took photographs of S.C. without any clothing above the waist.

Dixon appealed the decision to the Harlan Circuit Court. However, after an approximate eight year delay (the reasons for which are unclear), Judge R. Cletus Maricle ordered a re-sentencing of Dixon, finding that the instructions given by the hearing officer were erroneous and that additional mitigating factors should be considered. (Civil Action No. 96-CI-00538, Harlan Cir. Ct. 2004) Judge Maricle determined that, under Kentucky law, the tribunal should have been explicitly informed that in addition to upholding or vacating Dixon's termination, the tribunal could have imposed a lesser punishment even with its finding of conduct unbecoming a teacher. *Id*. The Kentucky Court of Appeals agreed, and clarified that "[t]he trial court upheld the finding of conduct unbecoming a teacher but remanded for additional findings that may or may not result in the imposition of a lesser sentence." (No. 2004-CA-002069, Ky. Ct. App. Dec. 2004) The state appeals court further noted that no additional proof was to be taken. *Id.*

On September 26-28, 2005, the re-sentencing was held with Michael Head serving as the hearing officer. The evidence from the previous hearing held eight earlier prior was put into the

record over the objections of Dixon's counsel. Head then instructed the new tribunal to make findings of fact as to S.C.'s age representation to Dixon and as to who suggested the poses, as per Judge Maricle's August 15th Order. The tribunal was then given the correct instructions, and upheld Dixon's termination. This action followed.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005); *see also Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005). The court must construe the complaint in the light most favorable to plaintiff accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While the standard is quite liberal, it requires more than the bare assertion of legal conclusions. *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir.2003). The court need not accept as true legal conclusions or unwarranted factual inferences. *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003)

When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of*

*Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). And while a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).[1]

### III. ANALYSIS

Dixon alleges that after Tolliver notified him of her intent to fire him, Defendants Clem and Lawson conspired to make sure her decision would be upheld. Together, they arranged for a number of fake photographs to be made, both by cutting up negatives and digitally altering genuine ones. [Record No. 22] Dixon asserts that Lawson then concealed evidence of the fraud by denying Dixon's counsel access either to the source of the photos or copies thereof. *Id*. Dixon contends that, in the course of their efforts to keep him from teaching, Clem and Lawson later co-opted Timothy Saylor, now the Superintendent of Harlan County Schools, and Michael Head of the Kentucky Attorney General's office. *Id*. He asserts that, Clem, Lawson, Saylor and Head conspired to continue to use the forged photographs at a second hearing to ensure Dixon's termination would again be upheld.

In addressing the dispositive motions, the Court notes that Dixon's largely unsubstantiated allegations of a motiveless conspiracy do not need to be resolved. The uncontested evidence makes

---

[1] Dismissal under Rule 12(b)(6) is appropriate for statute of limitations actions where no continuing violation occurred. *Vandiver v. Hardin Co. Bd. of Ed.*, 925 F.2d 927 (6th Cir. 1991). However, even if the Court where to consider the matter under Rule 56, the outcome would be the same.

clear that Dixon's claim asserted in this Court is barred by the relevant statute of limitations. All of the injuries allegedly suffered by Dixon occurred as a result of the manufacture of the allegedly fraudulent photographs, and their subsequent use in first termination hearing in August of 1996. It was at this point that Dixon was terminated. Everything that has followed was a result of his firing at the first hearing.

### A. Statute of Limitations

Kentucky Revised Statute § 413.140(1)(a) provides a one year statute of limitations for personal injury claims. The statute begins to run from the date "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Products Corporation*, 580 S.W.2d 497, 501 (Ky. 1979). The cause of action accrues on the date of the injury to the person even though the full extent of the injury is not known for years later. *Caudill v. Arnett,* 481 S.W.2d 668 (Ky. 1972).

For §1983 claims, the statute of limitations began to run when the plaintiff knew or should have known of the injury which is the basis of his claim. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991), *citing Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983). Alhough *Friedman* refers to Ohio's two year state statute of limitations on civil rights actions against federal actors, its logic is equally applicable in this case. The Kentucky statute of limitations as applied to §1983 actions is one year. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)").

It was Dixon's termination by Tolliver, and the upholding of that termination by the original tribunal, which gives rise to Dixon's claims. Dixon alleges that Clem and Lawson's production and introduction of forged and/or altered documents caused this termination, although he does not explain why Tolliver made the decision to terminate him before these photographs were allegedly altered and/or forged. Dixon contends that the tribunal would not have upheld his termination without the introduction of the forged and/or altered photographs.

The record is clear that Dixon was aware of the existence of the forged and/or altered photographs as early as August of 1996. Both in the original complaint and in the Motion to Strike Exhibits, Dixon states that he has "vigorously denied that he took the faked photo[s]" since he first viewed them in 1996. [Record No. 1, 11] Since these photographs were the cause of Dixon's injury, the statute of limitations began to run from the pictures use at his first tribunal on August 1 and 2, 1996.

Under Kentucky's statute of limitations, Dixon had until August 2, 1997, to file the present action. However, this action was not filed until August 25, 2005. [Record No. 1] Therefore, unless an exception is applicable, Dixon's suit will be barred by the statute of limitations.

In response, Dixon posits two reasons why the statute of limitations should not be applied. First, he asserts that his most serious injury did not occur until September 28, 2005, when the second tribunal "ignored" Judge Maricle's order. Second, he contends that, to the extent the statute of limitations commenced in August 1996, the defendants' continued use of the photographs constitutes a continuing tort or continuing fraud, which acts to toll the limitations period. Having reviewed the record of this proceeding, the Court concludes that neither of these arguments has any merit.

    **B.    Timing of Injury**

As an initial matter, Dixon asserts that his most serious injury did not occur until September 28, 2005, with the conclusion of the second tribunal's re-sentencing.[2] This argument fails for two reasons. First, Dixon's federal complaint which requested reinstatement and monetary damages was filed on August 25, 2005, over a month before the second tribunal hearing occurred. Second, Judge Maricle's order and the subsequent court of appeals decision make clear that the second tribunal was only to conduct a re-sentencing. It was not directed to accept new evidence.[3] Thus, to the extent Dixon was injured by the use of the photographs, that injury occurred in 1996.

Dixon attempts to argue by analogy that the production of the photos is akin to placing cyanide in a bottle of aspirin. [Record No. 22, pg. 8-9] Although the tortious act (*i.e.*, production of photos = placing of cyanide) is the proximate cause of the injury, the statute of limitations does not begin to run until the actual injury occurs (*i.e.*, use of the photographs = taking of the cyanide capsule). Even if the Court accepts the analogy for purposes of argument, Dixon is incorrect concerning the applicable dates as they relate to the statute of limitations issue. Defendants Clem and Lawson allegedly manufactured the photographs in March or April of 1996 (arguably akin to the placing of the cyanide capsule). However, Dixon does not allege that Tolliver relied on these photographs in reaching her decision to terminate his employment. Dixon does not allege that the photos were shown to anyone with authority to uphold his firing until August 1996. It was the use of the photographs at his first tribunal hearing which is arguably akin to the cyanide capsule actually being taken. According to Dixon, it was the use of these photographs that caused him to lose his

---

[2] Dixon disagrees with the characterization of the second tribunal hearing as a re-sentencing.

[3] *See* discussion *supra*, pg. 3-4

job for good (*i.e.*, the "death" of his career). It is for this reason that the clock did not begin to run until August 1996, because Dixon did not suffer any injury from the photographs until that date.

### C. Continuing Tort Doctrine

Dixon's second argument that the statute should be tolled is that defendants' conduct is a continuing tort, such that the last tortious act did not occur until the September 28, 2005, hearing. Additionally, although Dixon's pleadings do not specifically state as much, he is also alleging continuing fraudulent concealment, such that Dixon could not learn of evidence of the forgery and/or alteration until September 2005.[4]

Dixon cites *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997), in support of his argument that, regardless of whether the "continuing tort" doctrine requires independent acts or merely continuing damages from a tortious act, it clearly recognizes a duty to remedy past tortious acts. [Record No. 22, pg. 10] Therefore, Dixon argues, the statute of limitations did not begin to run until some time later, although he does not specify a starting date. Further, Dixon contends that evidence of present discriminatory activity or long-standing discrimination can give rise to a claim of continuing violation. *Dixon v. Anderson*, 928 F.2d 212 (6th Cir. 1991). As discussed below, both arguments fail for a number of reasons.

First, Dixon is incorrect in his assertion that *Dixon v. Anderson, id.,* holds that continuing discriminatory activity is a continuing violation. *Id.* 216. Moreover, the case is inapposite to the case at bar. In *Dixon v. Anderson*, the discriminatory activity of which the plaintiffs complained was unequal treatment under Ohio's state retirement system based on their previous employment. The

---

[4] Dixon's "inadvertent" discovery of the DiStefano letter occurred in September 2005. This letter allegedly provided "the first independently corroborating evidence that Dixon was indeed being framed." [*See* Record No. 22, pg. 4]

Sixth Circuit held that the statute of limitations began to run when the plaintiffs were denied entry into the retirement system, regardless of the fact of continuing effects of discrimination or an over-arching policy of discrimination. 928 F.2d at 216-217. A more analogous case would be *Hall v. Ledex, Inc.*, 669 F.2d 397, 398 (6th Cir. 1982), in which the Sixth Circuit held that an employer commits an illegal act each time he dispenses unequal pay because of gender discrimination. Ultimately, however, neither case applies to Dixon's situation. Dixon does not allege that he was the victim of a policy of discrimination. Instead, he asserts that he was the *specific* and *sole* target of deliberate and malicious acts by Lawson and Clem.

> Likewise, *Nieman* does not alter the Court's analysis. In *Nieman*, the court recognized that:
>
> the crucial question becomes whether continuing conduct is necessary to show a continuing trespass, as appellees contend, or whether it is sufficient to show continuing harm or damages caused by conduct that preceded the lawsuit by a period longer than the statute of limitations. As indicated above, [] we look to Ohio law on this issue.

*Nieman*, 108 F.3d at 1555 (6th Cir. 1997). *Nieman* simply holds that Ohio law recognizes that continuing damages from a trespass which occurred outside the statute of limitations may give rise to a cause of action. Kentucky law recognizes a similar cause of action for continuing trespass to land. *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604 (Ky. App. 2003). Were Dixon the owner of property which was suffering continuing damages based on defendants' operation of a coal mine or nuclear plant, this line of cases might apply. However, Dixon is alleging an adverse employment decision based on fraud. As such, these cases discussing continuing trespass are simply not relevant.[5]

---

[5] Even if these cases were applicable, Dixon's recovery would be limited to damages which occurred within the period of the statute of limitations (here, one year).

Cases addressing adverse employment actions, such as in *Delaware State College v. Ricks*, 449 U.S. 250 (U.S. 1980), are more appropriate in resolving the issues presented here. In *Ricks*, the Supreme Court held that the "proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." 449 U.S. at 258, *quoting Abramson v. University of Hawaii*, 594 F.2d 202, 209 (1979). Here, the discriminatory act of which Dixon complains is the alleged manufacture and introduction of the pictures at his original tribunal. The fact that they were part of the record at the re-sentencing does not constitute a new discriminatory act, despite Dixon's misinterpretation of both Judge Maricle's order and the subsequent clarification by the court of appeals.

In *Vandiver v. Harding Co. Bd. of Educ.*, 925 F.2d 927 (6th Cir. 1991), a high school student brought a §1983 claim against the school board for failure to certify his home schooling curriculum. The school board refused to classify the student as a senior, and his parents failed to attend the subsequent board meeting. The case was dismissed by the District Court on statute of limitations grounds. On appeal the Sixth Circuit upheld the dismissal, finding that "[continued] adherence to a discrete decision regarding [] academic standing. . . does not suffice to state a claim for [a] continuing violation." *Vandiver*, 925 at 930.

Because Dixon's claims are barred by the statute of limitations, this Court need not opine as to the lack of merits of those claims,[6] nor Dixon's seemingly deliberate misrepresentations.[7] It should be noted, however, that even if the allegedly forged and/or altered photographs were excluded, Dixon has confessed to taking photos of a 17 year old student of his who was not wearing

---

[6] At this point, the Court will not comment on Dixon's counsel's disparagement of opposing counsel's filings in this case. *See* Record No. 17, pg. 5 ("motion scarcely qualifies as a Rule 12(b)(6) motion").

[7] *See* Record No. 25 for a partial summation of these distortions.

any clothing above the waist.[8] Neither has Dixon alleged that former Superintendent Tolliver was exposed to the allegedly forged and/or altered photographs, and it was her determination of conduct unbecoming which the tribunal was meeting to address.

### IV. CONCLUSION

For the reasons discussed herein, this Court finds that the statute of limitations began to run on August 1, 1996. Because the Plaintiff did not file this action until August 25, 2005, and because no exception applies to toll the statute of limitations, the Court concludes that the Plaintiff's claims are barred by the one year statute of limitations.

Accordingly, it is hereby as **ORDERED** follows:

1. The Defendants' motions to dismiss [Record No. 17, 20, 24] are **GRANTED**. All claims asserted in this action by the Plaintiff are **DISMISSED**, with prejudice.

2. The Plaintiff's Motions to Stay and to Strike All Defenses [Record No. 31, 32] are **DENIED**.

3. Defendant's Motions for Ruling and for Leave are **DENIED** as moot. [Record No. 16, 33]

4. The Plaintiff's Motions for Leave to File Second Amended Complaint and to Strike Defendant Lawson's Reply Memorandum [Record Nos. 34 and 35] are **DENIED**.

5. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 5th day of December, 2005.

---

[8] The fishnet used in some of the photographs does not alter this fact.

Signed By:



*Danny C. Reeves* DCR

**United States District Judge**

Signed By:



*Danny C. Reeves* DCR

**United States District Judge**