UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID H. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-466-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EDWARD G. CLEM, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

During the 1995-96 school year, Plaintiff David Dixon (Dixon) was a certified teacher in the Harlan County School System at Cumberland High School.  Dixon also operated a photographic studio in Cumberland, Kentucky.  Dixon won a number of awards for his photography, and has been the official photographer for a variety of school events.  On October 24, 1995, with school approval, Dixon allowed students to come to his photographic studio to retake their senior yearbook pictures.  During this time, Dixon made arrangements for one of the students, S.C., to return to the studio later that evening for an additional photo session.  S.C. was a 17 year old senior who was a member of one of Dixon's classes.

S.C. returned to the studio around 6 p.m. that evening, along with another student.  Dixon took a number of photographs of the two girls together, in various poses and outfits.  At some point, the other student left the studio with Dixon's daughter, leaving Dixon and S.C. alone.  Dixon then proceeded to take additional photographs of S.C.  In at least some of these

photographs, S.C. was wearing no clothing from the waist up, although her nipples were covered either by her hair or a fishnet.

On March 26th, Grace Ann Tolliver, then Superintendent of the Harlan County Schools, issued a letter suspending Dixon pending termination of his contract. Tolliver alleged that Dixon had taken "topless" photos of a student, and that such conduct constituted conduct unbecoming a teacher. Thereafter, a tribunal was convened by the Harlan County School Board to hear the charges against Dixon. Susan Lawson, the school board's attorney, presented evidence against Dixon. This evidence included several groups of photographs which showed S.C. without any clothing above the waist. Dixon admitted to taking some of the photographs, arguing they were not "nude" because the nipples and part of the breast were covered with either hair or a fishnet. Dixon adamantly denied taking other photographs which were more revealing, stating that the photographs were not his.

The tribunal unanimously found Dixon guilty of conduct unbecoming a teacher and by a 2-1 vote upheld Tolliver's recommendation he be terminated. The tribunal based this decision on unanimous findings that Dixon participated in guiding S.C. in the poses in which she has no clothes above the waist, that S.C. never told Dixon she was 18, and that Dixon took all of the photographs and those photographs were unaltered. Dixon's own counsel at the hearing, JoEllen McComb, had admitted that Dixon took photographs of S.C. without any clothing above the waist.

Dixon appealed the decision to the Harlan Circuit Court. After an approximate eight-year delay (the reasons for which are unclear), Judge R. Cletus Maricle ordered a "re-sentencing" of

-2-

Dixon, finding that the instructions given by the hearing officer were erroneous and that additional mitigating factors should be considered.  (Civil Action No. 96-CI-00538, Harlan Cir. Ct. 2004) Judge Maricle determined that, under relevant Kentucky law, the tribunal should have been explicitly informed that in addition to upholding or vacating Dixon's termination, the tribunal could have imposed a lesser penalty even with a finding of conduct unbecoming a teacher.  *Id*.  The Court of Appeals of Kentucky agreed, and clarified that "[t]he trial court upheld the finding of conduct unbecoming a teacher but remanded for additional findings that may or may not result in the imposition of a lesser sentence."  (No. 2004-CA-002069, Ky. Ct. App. Dec. 2004)  The appeals court further noted that no additional proof was to be taken.  *Id.*

On September 26-28, 2005, the "re-sentencing" hearing was held with Michael Head serving as the hearing officer.  Evidence from the previous hearing eight years prior was put into the record over the objections of Dixon's counsel.  Head then instructed the new tribunal to make findings of fact as to S.C.'s age representation to Dixon and concerning who suggested the poses, as per Judge Maricle's Order.  The tribunal was then given the correct instructions, and upheld Dixon's termination.

Dixon filed his complaint in this Court on August 25, 2005.  On December 5, 2005, this Court granted defendants Rule 12(b)(6) motion to dismiss, having determined that the statute of limitations had expired on Dixon's claims.  [Record No. 37] Dixon then filed the instant motion to reconsider.  [Record No. 42]  Because the Plaintiff's motion is largely a re-argument and presents no newly discovered evidence or manifest errors of fact or law, it will be denied.  The Defendants' remaining motion for attorney fees [Record No. 43] will be addressed separately.

**LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to reconsider.  "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories.  Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly- discovered evidence."  *In re Larson*, 103 B.R. 896, 897 (Bankr. S.D. Ohio 1989).  *See also General Truck Drivers Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir.1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000) ("Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Harley-Davidson Motor, Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir.1990) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration.") (emphasis in original); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These cannot be used to raise arguments which could, and should, have been made before the judgment issued.")  Thus, the party seeking reconsideration cannot simply seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law."  *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001).

-4-

**ANALYSIS**

The bulk of Dixon's motion for reconsideration does not qualify under Rule 59(e).  Most of Dixon's memorandum in support is given over to re-arguing this Court's interpretation of Judge Maricle's order and the subsequent court of appeals decision.  In other places, the memorandum consists of *ad hominem* attacks against this Court.  However, to the  extent the Court is able to determine which parts of this Court's order Dixon believes to be "clear error of law,",  the Court will attempt to address those arguments.

**A.      Re-sentencing[1] vs. Re-hearing**

The Court granted defendants motions to dismiss on statute of limitations grounds.  Central to that determination was the Court's reading of Judge Maricle's order granting a second hearing, a reading which was informed by the court of appeal's ruling on this issue. [Record No. 37]  To come with the constraints of Rule 59(e), it must be Dixon's contention that this Court's interpretation of Judge Maricle's remand order and its effect on the subsequent second hearing was a clear error of law.  He must contend either that this Court has misread Judge Maricle's order or that, to the extent that Judge Maricle's order conflicts with Kentucky state law on administrative hearings, that portion of the order should be disregarded.

Judge Maricle ordered that a second hearing be held because the tribunal failed to make specific findings of fact which "do not negate the finding of conduct unbecoming a teacher," but which "are to be considered along with other evidence as mitigating circumstances in setting punishment." [Record No. 24, Ex. 2, pg. 5]  By itself, the language used by Judge Maricle is

---

[1]        This characterization was used by the second tribunal.  *See* Record No. 40, Ex. 1.

enough to convince this Court that his remand is better characterized as a re-sentencing, rather than a new hearing as Dixon contends. However, the Court finds additional support for its interpretation in the subsequent action by the Kentucky Court of Appeals.

Subsequent to Judge Maricle's ruling, the Harlan County Board of Education appealed the remand order to the Kentucky Court of Appeals. That court ultimately rejected the appeal as premature. It did so for a number of reasons, including the fact that "[t]he trial court did not authorize the taking of additional proof." [Record No. 24, Ex. 3, pg. 3] This Court is further persuaded where, as here, a state appellate court confirms the Court's reading of a state law decision. *Hicks v. Feiock*, 485 U.S. 624 (1988), *quoting West v. American Tel & Tel. Co.*, 311 U.S. 223 (1940).

Pursuant to Judge Maricle's order, the second tribunal admitted no new evidence prior to issuing its findings of fact. Instead, those findings were based entirely on the record from the first proceeding. Dixon argues that he should have been allowed to present evidence to the second tribunal that some of the photographs were manufactured, and that Head's refusal to allow him to do so was a source of constitutional injury. However, as the court of appeals' opinion makes clear, the finding of guilt (of conduct unbecoming a teacher) issued by the first tribunal was not to be disturbed by new evidence. This ruling (which prevented Dixon from offering evidence of manufactured photographs) also prevented the school board from introducing additional evidence regarding Dixon's character, had it wished to do so.

**B.      The Circuit Court's Authority to Order "Re-sentencing" on the Record**

Alternatively, Dixon argues that Kentucky law does not allow a state circuit judge to alter

or deny an administrative tribunal's obligation to hear testimony.  [Record No. 42, pg. 11]

Dixon cites K.R.S. § 13B.080(4), which states:

> (4) To the extent necessary for the full disclosure of all relevant facts and issues,
> the hearing officer shall afford all parties the opportunity to respond, present
> evidence and argument, conduct cross-examination, and submit rebuttal evidence,
> except as restricted by limited grant of intervention or a prehearing order.

Dixon then asserts that, because of this language,

> [t]hus, Judge Maricle's remand order did not address the question of what
> additional testimony would be heard and how much of the existing record could
> be put into evidence because his job was simply to remand for an additional
> hearing.

[Record No. 42, pg. 11]

Presumably, Dixon is arguing that regardless of how this Court interpreted the language

of Judge Maricle's order, state law explicitly does not permit a circuit judge to limit the nature

or scope of the hearing.  In effect, Dixon is arguing that it was a violation of due process for the

hearing to be conducted without allowing new evidence even if that instruction was contained

in the pre-hearing order issued by the circuit court.  In making this argument, Dixon ignores the

clear language of the statute, which allows a hearing to be "restricted by limited grant of

intervention or a pre-hearing order."

Dixon's interpretation also ignores the plain language of K.R.S. §13B.080.  Paragraph

4, which Dixon cites, clearly contemplates a pre-hearing order which would limit the scope of

the inquiry.  Therefore, it must be Dixon's contention that the pre-hearing order can only be

issued by the hearing officer, which in the present case would be Head. However, this argument is contrary to the plain language of paragraph, and in conflict with the weight of Kentucky court decisions interpreting the statute.

The first paragraph of K.R.S. § 13.B.080 provides:

(1) A hearing officer shall preside over the conduct of an administrative hearing and shall regulate the course of the proceedings in a manner which will promote the orderly and prompt conduct of the hearing. When a prehearing order has been issued, the hearing officer shall regulate the hearing in conformity with the prehearing order.

The language of the second sentence contemplates that a pre-hearing order may be issued which would require the hearing officer to conduct the hearing in conformity with that order, rather than the usual procedure that officer might use. Moreover, the syntax contemplates that someone other than the hearing officer may issue the pre-hearing order.

K.R.S. §13B.150 governs judicial review of an administrative order. It provides that the reviewing court "may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings." *Id.* As the Defendants point out, Dixon's argument that the court may not narrow the scope of the re-hearing is contradictory to the reviewing court having the authority to reverse the final order in part and remand for further proceedings. [Record No. 44, pg. 2]

Indeed, there is even a question of whether under K.R.S. § 13B.150 the circuit court has the authority to determine that the findings of fact were insufficient to support the agency's finding [Record No. 24, Ex. 2, pg. 5] where the administrative tribunal determined the specific finding of fact would have no impact on the outcome. *See GTE South, Inc. v. Commonwealth,*

-8-

2004 Ky. App. LEXIS 86 (Ky. App. 2004)*; see also LWD Equip., Inc. v. Revenue Cabinet*, 136 S.W.3d 472, 475 (Ky. 2004) *("*KRS 13B.150(2) [] requires that the reviewing court not substitute its judgment for that of the agency regarding questions of fact.")

In an attempt to overcome the clear language of the statute, Dixon cites *Kentucky Board of Medical Licensure v. Ryan*, 151 S.W.3d 778 (Ky. 2004), in support of his argument that "circuit judges may not remand to tribunals to conduct on-the-record Rule 60.02-type proceedings, but may only remand for new hearings based in . . . KRS 13B.150." [Record No. 42, pg. 11] Dixon argues that *Ryan* supports his contention that circuit judges may only affirm or deny, and that Kentucky law denies them the power to overturn only a part of a tribunal decision.

Unfortunately for Dixon, the holding in *Ryan* is inapposite to the present case. *Ryan* was concerned with the question of whether a doctor could seek re-instatement by having his administratively-issued order of revocation revoked by the court, or whether he instead had to follow the statutory re-instatement procedures. *Ryan,* 151 S.W.3d at 779. A Rule 60.02 proceeding is a state court proceeding by which the court determines whether to "relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds . . ." *Id.* at 780. As the Kentucky Supreme Court further noted, "[b]y its own terms, the rule does not apply to the Board, only to a court and its final judgment, order or proceeding." *Id.* *Ryan* simply confirms the deference Kentucky courts give administrative remedies promulgated by the legislature, and that they may not substitute their own judgment on the facts

for that of the state agencies. *Geupel Constr. Co. v. Commonwealth Transp. Cabinet*, 136 S.W.3d 43, 46 (Ky. App. 2003).

### C.     Other Grounds for Reconsideration

The remainder of Dixon's motion for reconsideration is simply a re-argument about who produced the photographs, who maintained custody, and other related matters. However, there is no dispute that the photographs were first produced in 1996. Likewise, there is no dispute that these were the same photographs from the 1996 hearing which were part of the evidentiary record at the 2005 hearing. Finally, there is no dispute that Dixon first contended that he did not take the photographs in question at his 1996 hearing.

Moreover, the Court would again note that, even had Dixon succeeded in convincing either tribunal that some of the photographs of S.C. were manufactured, Dixon has admitted to taking photographs of S.C. in which she has no clothes on above the waist – hair or fishnets notwithstanding. Both tribunals found that Dixon had admitted taking these types of photos, that Dixon should never have allowed the situation to progress to that point, and that he should never be in a position of authority over students again because he betrayed the trust placed in school teachers. [Record No. 40, Ex. 1]

### CONCLUSION

Because there is no dispute about the underlying facts which led this Court to dismiss Dixon's claims on statute of limitations grounds and because Dixon has not alleged or demonstrated any clear error of law, it is hereby

**ORDERED** that Dixon's motion to reconsider [Record No. 42] is **DENIED**.

-10-

This 14th day of March, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge