UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID H. DIXON, | ) | |
| | ) | Civil Action No. 6: 05-466-DCR |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EDWARD G. CLEM, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants' motion for attorneys' fees. [Record No. 43] Although the Defendants have not demonstrated that an award of fees under 42 U.S.C. §1988 is appropriate, the Court does believe that the Plaintiff's attorney, Jeffrey Blum, has unreasonably multiplied and delayed these proceedings.  Accordingly, the Court will levy sanctions pursuant to 28 U.S.C. §1927 against Mr. Blum.

**ANALYSIS**

The Defendants have asked this Court to grant award attorney's fees to them as prevailing parties pursuant to 42 U.S.C. §1988.  They argue that the Plaintiff's claims were brought in "bad faith or without substantial justification and that the allegations contained in the complaint were frivolous, unreasonable, and/or groundless." [Record No. 43] Thus, they believe that the Plaintiff should be required to pay their costs and attorney's fees.

-1-

### A.     42 U.S.C. §1988

Under 42 U.S.C. 1988, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (U.S. 1968). However, because Congress intended for plaintiffs to act as private attorney's general, the standard applied to a defendant seeking a similar recovery is substantially more stringent. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). Before a defendant may recover attorney's fees under 42 U.S.C. §1988, the plaintiff's claim must have been "frivolous, unreasonable, or groundless," or "the plaintiff continued to litigate after it clearly became so". *Christiansburg Garment*, 434 U.S. at 422. This standard does not require a showing of bad faith, although such a showing will almost always justify an award of fees. *Id.*

In this case, the Defendants are prevailing parties at this point in the litigation. However, this Court believes that it should not engage in *post hoc* analysis to conclude that a claim was frivolous simply because it was eventually dismissed. *Blue v. United States Dep't of Army*, 914 F.2d 525, 534 (4th Cir. 1990), *citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Instead, the Court should initially determine whether the Plaintiff's claim was reasonable at the time it was asserted.

Resolving all doubts in the Plaintiff's favor, the Court concludes that his actions were extremely close to the line; however, the Court will not conclude at this time that his claims were asserted in bad faith. At it simplest, Dixon's claim was that Clem, Saylor and Lawson "had it in for him" and, as a result, they manufactured evidence to ensure that he would be fired from

his position.[1]  Dixon viewed the use of the allegedly doctored photographs (both in his first and second tribunal hearing) as a violation of his civil rights under 42 U.S.C. §1983.  The Court dismissed these allegations because the statute of limitations had expired.  Dixon's arguments to the contrary were largely specious.

Dixon's argument that the statute of limitations had not yet run would have required the Court to either: (1) ignore a Kentucky Court of Appeals interpretation of a circuit court opinion [Record No. 37, pg.3; Record No. 56, pgs. 5-10]; or (2) adopt a continuing tort argument which Kentucky has rejected in cases extremely similar to the case at bar.  [Record No. 37, pgs. 9-13] The undersigned will not re-hash the reasons why each of Dixon's arguments is deficient, having done so extensively in prior opinions.  However, there is a difference between legal arguments which are extremely unlikely to prevail and arguments which are frivolous or groundless.

## B.    28 U.S.C. §1927

Although the Court does not believe the Defendants are entitled to be awarded attorney's fees under 42 U.S.C. §1988, it does find that there has been improper conduct by the Plaintiff's counsel, Jeffrey Blum.  This includes the pressing of specious legal claims and filings in this case which either contained inappropriate language, claims and assertions (requiring unnecessary responses) or which were inappropriate *en toto*.  Indeed, despite being warned by the Court that his actions were improper, Mr. Blum continued to make personal attacks.  Additionally, he continued to instruct opposing counsel and the Court as to the "proper procedures" that each should follow.

---

1    Plaintiff's counsel made no argument (nor provided evidence) as to the motive behind this conspiracy until after his Reply brief on the Motion to Vacate.  [Record No. 55]

-3-

The Court is of the opinion that Blum is responsible for the improprieties which occurred over the course of this litigation. Title 20 of the United States Code, §1927, "is designed as a sanction against dilatory litigation practices and is intended to require an attorney to satisfy personally the excess costs attributable to his misconduct." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987). This statutory section provides that counsel, rather than the party, may be held liable for excessive costs that occur where the attorney "so multiplies the proceedings in any case unreasonably and vexatiously". Those costs may include "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* This statute specifically contemplates that it is sometimes plaintiff's counsel, and not the party itself, who is responsible for the multiplication of litigation. As noted above, this is in contrast to 42 U.S.C. § 1988, which does not authorize the award of attorney's fees against the plaintiff's attorney. *Brown v. Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).

Unlike some circuits, the Sixth Circuit does not require a showing of bad faith. In *Jones v. Continental Corp.*, the Sixth Circuit determined that conduct might be vexatious or unreasonable "despite the absence of any conscious impropriety." 789 F.2d at 1230. Instead, absent a showing of bad faith, sanctions may be imposed "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997), *quoting Jones*, 789 F.2d at 1230. In *In re Ruben*, the Sixth Circuit provided a standard by which district courts should determine whether to award sanctions under §1927:

> Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927. There must be some conduct on the part of the subject

-4-

> attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*In re Ruben*, 825 F.2d at 984.

As opposed to §1988, §1927 contemplates that the Court may award sanctions where, although the claim itself may not be completely frivolous, certain conduct by an attorney may unnecessarily multiply the litigation and cause other parties to expend additional time and money. However, any sanction under §1927 which will operate as an award to defendants should be limited to the additional expense caused by plaintiff's attorney's improper conduct. *Id.*

The primary reason for awarding sanctions under §1927 is Mr. Blum's filings with this Court. Having previously discussed Mr. Blum's *ad hominem* attacks against this Court and the state court in the Motion to Reconsider, the undersigned will note without further discussion the impropriety of this language. Indeed, so apparent was this conduct that the Defendants filed an objection to these filings. [Record No. 45]. Similarly, Mr. Blum made several misrepresentations to the Court, which Defendants also noted in a prior filing. [Record No. 44] By itself, this might not be sufficiently vexatious conduct to justify a sanction against Blum. However, this Court also expressed concern with Mr. Blum's continued "instructive" language and his unnecessary and improper filing of extraneous documents. [Record Nos. 13, 21, 26, 31, 32, 55]

Throughout the course of this litigation, Mr. Blum has engaged in "instruction" of opposing counsel and the Court of the proper way to proceed, despite the Court's admonition

that such conduct was improper and unnecessary. For instance, when filing an Amended Complaint, Mr. Blum felt compelled to "advise" the Court and opposing parties of the schedule for filing responses. [Record No. 13, pg. 2] Mr. Blum also instructed opposing counsel as to the proper method for pleading their case. *Id.* Similarly, prior to the court-ordered scheduling conference, Mr. Blum instructed the Court as to the proper way to proceed under Rule 26, but only after notifying opposing counsel about the procedures to be followed under that same rule. [Record No. 21]

Prior to the scheduling conference, Blum also filed the first of several extraneous documents, including a "Declaration of Counsel further Particularizing Allegations pursuant to Rule 9(b)". [Record No. 26] This seemed to be an attempt to satisfy Rule 9(b)'s requirement to plead fraud with particularity. However, Mr. Blum gave no reasons why this information was not included in the Amended Complaint or a Response to the Motion to Dismiss.

At the November 8, 2005 scheduling conference, the Court notified Mr. Blum that, in the future, he should avoid giving instructions to opposing counsel or the Court, and that he should ensure his filings were in compliance with the Local Rules, including format, length, and the nature of the filing. [Record No. 28] Unfortunately, Mr. Blum instead continued to offer instructions and file unnecessary documents, to which the Defendants were required to respond.[2]

---

[2]      Blum also threatened opposing counsel and Defendant Lawson with the filing of a bar complaint if they did not comply with his "request for voluntary cooperation in connection with an inquiry that will probably be initiated by the Office of Bar Counsel." [Record No. 34, Ex. 3]

On November 21, 2005, the Plaintiff filed two documents which included arguments for: (1) Motion to Stay Federal Proceedings[3], (2) Response to Defendant's Motion to Dismiss on Statute of Limitations, (3) Response to Defendant Head's Motion to Dismiss (4) Motion for Extension of Time to respond to arguments of qualified immunity, and (5) Opposition to Dismissal based on the *Younger* doctrine. Each contained extensive instructions to the Court concerning the proper way to proceed, and instructed opposing counsel as to the next step to be taken. These filings were in addition to Responses which he had already filed to Clem, Saylor and Lawson's Motions to Dismiss. [Record No. 22, 27]

Even after the Court granted the Motions to Dismiss and Dixon had appealed and filed a Motion to Vacate, the extraneous filings continued. The Plaintiff filed the motion to vacate on December 19, 2005, each of the Defendants responded, and the Plaintiff filed a reply. In conjunction with Plaintiff's reply, Mr. Blum filed a declaration of counsel purporting to provide evidence of Defendants' motive to engage in a conspiracy against his client. And notwithstanding the fact that this information should have been pled in the Amended Complaint, this extra filing is both extraneous and violative of Local Rule 7.1, since it clearly raises a new argument in the reply brief (actually, after the reply brief).

The total effect of all of these extraneous filings is to cause needless delay to the Court and unnecessary expense to the Defendants. Clearly, opposing counsel has been required to take extra time to determine the nature of the claims, assertions, allegations and "instructions," parse out the numerous extraneous allegations and responses contained in each, and attempt to respond

---

3    This pleading included an irrelevant reference to a conversation where the Plaintiff's counsel offered to stipulate to abstention. [Record No. 31, pg. 9]

to these filings within the confines of the Local Rules.  That Mr. Blum continued these filings even after being specifically warned in open court is particularly troubling.

An additional factor in the Court's decisions to impose sanctions against counsel under §1927 rather than the Plaintiff under §1988 is that while both statutes employ the language of "frivolousness", courts interpreting §1927 allow for sanctions where the attorney "knew or should have know" that the claims raised were frivolous.  *Ridder*, 109 F.3d at 298.  The language in *Ruben* which provides that the conduct should be judged in the "collective wisdom of [the] experience of the bench" affirms this notion that the legal claims advanced by the attorney may be judged under a reasonableness standard to determine their frivolity.

While the Court is reluctant to hold Dixon responsible the conduct set out above, it has no reluctance toward holding Mr. Blum responsible.  Under *Erie* and its subsequent cases, it is clear that federal courts must follow a state court's interpretation of state laws absent certain exceptions, none of which were present in this case.  *Hicks v.* Feiock, 485 U.S. 624 (1988); for exceptions see *Dawkins v. White Prods. Corp.*, 443 F.2d 589 (5th Cir. 1971); *Green v. Walker*, 910 F.2d 291 (5th Cir., 1990); *Ground Air Transfer, Inc. v. Westates Airlines, Inc.*, 899 F.2d 1269 (1st Cir. 1990).  For Mr. Blum to make arguments which were directly contradictory to the explicit language of the state court of appeals is unreasonable and frivolous.  Even if Mr. Blum had a good-faith belief that these arguments were appropriate, a reasonable attorney should have known they were not.

Accordingly, the Court will impose sanctions against Jeffrey Blum pursuant to 28 U.S.C. §1927.  The amount of the sanctions will depend on the expense his unnecessary and vexatious

-8-

extra filings caused the Defendants to incur.  The Defendants' counsel are instructed to submit affidavits to the Court detailing that portion of their time which was spent reviewing and responding to Records No. 26, 31 and 32.

**CONCLUSION**

For the reasons discussed herein, it is **ORDERED** as follows:

(1)     The Defendants' Motion for Attorneys' Fees [Record No. 43] is **DENIED**, in part and **GRANTED**, in part.

(2)     Within 20 days of the entry of this Order, the Defendants' counsel shall submit affidavits detailing their costs and expenses incurred in reviewing and responding to Record Entry Nos. 26, 31 and 32.

(3)     Jeffrey Blum shall have ten (10) days to file specific objections to the Defendants' affidavits.

This 21st day of March, 2006.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**