UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID H. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-466-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD G. CLEM, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the following matters: (1) Defendant Lawson's motion for attorneys' fees [Record No. 58]; (2) the affidavits of the attorneys for defendants Clem, Saylor and Lawson and Mr. Blum's objections to these affidavits [Record No. 63, 64, 66]; (3) Mr. Blum's motion to compel disclosure of time sheets by defendants' attorneys [Record No. 68]; (4) Mr. Blum's motion to rescind defamatory accusations [Record No. 65]; and (5) Mr. Blum's motion for leave to file a sur-reply. [Record No. 76] Each of these matters has been fully briefed and is ripe for decision.

**ANALYSIS**

    **1.**    **Motion for Attorney's Fees**

As a preliminary matter, the Court will address Dixon's contention that Lawson's motion for attorneys' fees should be barred as untimely. Dixon argues that under Local Rule 54.4, Lawson had 30 days from the entry of judgment to file a motion for fees. [Record No. 67, pg. 2] As judgment was entered on December 5, 2005, he contends that the time for filing a request

for fees expired on January 4, 2006.  *Id.*  However, as Lawson correctly notes, the Sixth Circuit has determined that a motion for attorney fees under Federal Rule of Civil Procedure 54(d)(2) is timely "if filed within fourteen days of the district court's denial of a timely filed Rule 59(e) motion."  *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 687 (6th Cir. 2005).  The Court denied Dixon's motion for reconsideration on March 14, 2006, and Lawson filed her motion for fees on March 24, 2006.  This is within the 14 day period prescribed by Fed. R. Civ. Pro. 54, and within the 30 day period allowed by Local Rule 54.4.

Mr. Blum's argument is that Local Rule 54.4 actually alters the time within which an application for fees can be filed, rather than simply extending it from 14 days to 30 days. [Record No. 76]  Under Fed. R. Civ. Pro. 54, the time for filing an application for fees is tolled by the filing of a Rule 59 motion for reconsideration.  *Miltimore*, 412 F.3d at 688.  Mr. Blum argues that the Eastern District of Kentucky's Local Rules require that any motion for fees be filed within 30 days of the initial entry of judgment; in effect, the time period is not tolled while the Court decides the Rule 59 motion.  [Record No. 76, pg. 3]  However, the clear language of *Miltimore* requires that Mr. Blum's contention be rejected.

Mr. Blum's argument is the same argument which was made and rejected by International Rectifier, the appellee in *Miltimore*.  International Rectifier argued that a motion for fees should have been filed within 14 days of the initial judgment, regardless of the filing of a Rule 59 motion.  *Miltimore* at 687.  Conversely, Miltimore Sales argued that the initial judgment "did not become an 'order from which an appeal lies' under [Fed. R. Civ. Pro.] 54(a) . . . [until] the district court denied International Rectifier, Inc.'s timely filed Rule 59(e) motion."  *Id*.  The

Sixth Circuit agreed with Miltimore Sales, citing its prior opinion in *Brown v. Local 58*, 76 F.3d 762 (6th Cir. 1996).

In *Brown*, the Sixth Circuit affirmed the timeliness of an application for fees which was not filed until after the district court disposed of a Rule 59 motion.[1] *Id.* at 767-768. The court emphasized that the clock did not begin to run until the entry of an order from which "an appeal could have been taken up." *Id.* at 767. The Sixth Circuit joined the Second Circuit in adopting the rule that a judgment is not final until "it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order." *Miltimore* at 688, *citing Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999). Where one party files a Rule 59 motion, tolling the time for appeal, it also tolls the time for which to file an application for fees. *Miltimore* at 688, *citing Browder v. Director, Dep't of Corrections*, 434 U.S. 257 (1978).

The passage which Mr. Blum argues supports his alternate view of Local Rule 54.4 (i.e., that it eliminates the tolling for the filing of an application for fees and, therefore, effectively shortens that time period), actually stands for the opposite outcome. [Record No. 76, pg. 4-5] That portion of the *Miltimore* opinion actually addressed the odd situation where, due to the calculation of time under Fed. R. Civ. Pro. 6, a ten-day period can actually last longer than a 14 day period. This would mean that an application for fees, which is due within 14 days (counting weekends and holidays) would be due before a Rule 59 motion (the time for which excludes

---

[1] At the time Brown was decided, the Eastern District of Michigan operated under a local rule which was indistinguishable from the Eastern District of Kentucky's Local Rule 54.4. Both adopted a 30 day period for the filing of a motion for attorneys' fees.

weekends and holidays).[2] *Miltimore* at 692. To address this confusion, the Sixth Circuit has recommended that district courts adopt a local rule which *extends* the amount of time in which an application for fees may be filed, so that "the prevailing party will always know whether post-judgment motions have been filed prior to the expiration of a thirty-day time limit for filing a fee application." *Id.* at 693. In this way, the prevailing party can "avoid filing two fee applications, because it can wait until the district court disposes of any post-judgment motions, and file one application covering all expenses incurred in district court." *Id.* Therefore, Lawson's motion for fees is timely and will be considered.

In this case, Defendants Clem and Saylor previously filed a motion for attorney's fees, which this Court granted in part and denied in part. [Record No. 57] In that opinion, the Court determined that the Defendants were not entitled to recover fees under 42 U.S.C. §1988. However, the conduct of the Plaintiff's lawyer, Mr. Blum, was so unreasonable and vexatious that sanctions were warranted under 28 U.S.C. §1927. These sanctions will compensate defendants for the cost of responding to extraneous and unnecessary filings. *Id.*

Although the first motion for fees was brought only by Defendants Clem and Saylor, the Court's order encompassed all Defendants in this matter. Lawson's counsel complied with the Court's order by submitting an affidavit detailing the costs incurred in responding to Mr. Blum's extraneous filings. [Record No. 63] Despite this, Lawson has now moved this Court to grant her

---

[2] "More bizarre is when the ten-day period lasts fifteen or sixteen days and the fourteen-day period lasts only fourteen days. For each legal holiday in any given time period, the ten-day period lasts one day longer than the fourteen-day period. Thus, a losing party will have an extra day to decide, based on various considerations, whether to file any post-judgment motions." *Miltimore* at 692.

attorney's fees pursuant to rationale this Court has already rejected in its prior Order, including 42 U.S.C. §1988, 28 U.S.C. §1927, Fed. R. Civ. Pro. 11 and the Court's inherent power. [Record No. 58]  In support, Lawson implicitly argues that the Court should reconsider its previous opinion.  Lawson points to no newly discovered evidence of Plaintiff or Mr. Blum's misconduct.  To the extent that Lawson has identified cases which the Court had not considered in its previous opinion, these cases do little more than reiterate that "the purpose of imposing sanctions are deterrence and compensation." [Record No. 58, pg. 9], *citing Jackson v. Law Firm*, 875 F.2d 1224, 1229 (6th Cir. 1989)

The Court will not restate its reasoning for denying the fees requested, having already done so in its prior opinion.  Neither will the court return to its discussion of why sanctions were appropriate for those extraneous filings also identified in the prior opinion.[3]  Instead, the Court will incorporate its prior reasoning and deny Lawson's motion for attorney's fees.  *See* [Record No. 57]

    **2.**    **Objection to Affidavits and Motion to Compel Disclosure**

Mr. Blum has objected to the affidavits filed by Mr. Mullins and Mr. Shaw on the grounds that they are not responsive to this Court's prior Order and do not provide a basis to determine whether the time expended was related to the filings in question. [Record No. 66]  Based on this rationale, he has moved the Court to compel Shaw and Mullins to provide contemporaneous time records and explain how their time was caused by the extraneous filings. [Record No. 68]

---

[3]    The Court, however, will address Mr. Blum's continuing misconduct toward the Court and opposing counsel later in this opinion.

To determine what portion of the Defendants' costs were due to the extraneous filings in this case, the Court directed that the "Defendants' counsel shall submit affidavits detailing their costs and expenses incurred in reviewing and responding to Record Entry Nos. 26, 31, and 32." [Record No. 57, pg. 9] The Court only required that counsel submit affidavits detailing total time. It did not require the filing of contemporaneous time sheets. The affidavits submitted by Mr. Shaw and Mr. Mullins are in compliance with the form required by this Court's previous Order and directive.

Mr. Shaw's affidavit is in the form of a contemporaneous time record, detailing the date and amount of time spent reviewing and responding to each of Mr. Blum's filings. It easily allows the court to determine whether Mr. Shaw spent an "excessive" amount of time on each task. As his records make clear, he did not. Mr. Mullins' affidavit is not as specific in terms of detailing how much time and on which days he worked on this case. However, by detailing the time spent on reviewing and drafting a response to each of Mr. Blum's problematic filings, he has provided sufficient information to allow the Court to "determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United States Tile & Composition v. G & M Roofing*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). Mr. Mullins states that he spent 27.3 hours drafting the reply brief to the motion to dismiss, and 12.8 hours drafting a response to Dixon's motion to stay. [Record No. 63] Each of these represents an appropriate amount of time spent on the given tasks, as does the 0.8 hours

Mr. Houlihan spent revising and editing the reply brief. The amounts requested by Mr. Shaw and Mr. Mullins are *entirely* reasonable.

As to the issue of causation, Mr. Blum argues that he may only be sanctioned for those costs which "would not have had to have been incurred but for the filing of Record Nos. 26, 31 and 32." [Record No. 66, pg. 3] (emphasis added). This, however, is not the standard under which §1927 sanctions are assessed, nor was it the standard of this Court in its opinion assessing sanctions. The Court instead relied on the standard of *In re Ruben*, in which the Sixth Circuit ruled that §1927 sanctions include the "attorneys' fees reasonably incurred *because* of such conduct." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987) (emphasis added).

Likewise, Mr. Blum's allegations that the affidavits do not show how the extra time was "caused" by his filing of extraneous documents is without merit. Mr. Shaw's affidavit clearly details the time which was spent reviewing each filing and conferring with co-counsel regarding any actions which should be taken. [Record No. 64] Mr. Blum's objections focus primarily on the affidavit filed by Mr. Mullins, which not coincidentally accounts for the majority of the extra cost incurred by the defendants.

Mr. Blum suggests that because Lawson would have replied to his response to the motion to dismiss, she did not incur any additional expense by the filing of his declaration of counsel. [Record No. 26] However, as the Court has already noted, this is not the standard to be applied. Dixon explicitly incorporated his declaration of counsel into his response to the motion to dismiss. [Record No. 27, pg. 5] *Post hoc*, it is impossible to determine what percentage of time spent on Lawson's reply was specifically caused by the extraneous filing of the declaration of

counsel. It is clear, however, that additional expense was incurred as a result of the extraneous filing. The Court will not penalize Lawson because the convoluted nature of Blum's filings make such a determination impossible. Instead, Mr. Blum will be sanctioned for the full amount of the costs associated with the filing in question.

Similarly, Mr. Blum argues that Lawson's response to the motion to stay is not actually responsive to that motion. [Record No. 66, pg. 4-5] This argument is also without merit. Notwithstanding the fact that this Court's docket sheet clearly reflects Lawson's response as responding to Dixon's motion to stay, the first full paragraph of Lawson's motion argues:

> [t]hus, this case should not be stayed, as Dixon suggests, but rather, dismissed. In the alternative, if the Court believes abstention principles govern the current facts of this case and a stay is warranted . . .

[Record No. 40, pg. 2] The pleading goes on to argue that the Court should not "strike all defenses based on res judicata as being either unripe or plainly nonmeritorious," as one of Dixon's extraneous pleadings urged. [Record No. 32] Lawson's pleading was caused by Mr. Blum's extraneous filing.

Based on the foregoing analysis, the Court will assess sanctions against Mr. Blum in the total amount of $6,938, of which $414 is to be paid to Jonathon C. Shaw in his capacity as the attorney for Defendants Clem and Saylor. The remaining $6,514 is to be paid to Savage, Elliot, Houlihan, Moore, Mullins & Erdmann, LLP as counsel for Defendant Lawson.

### 3. Blum's Motion to Rescind Defamatory Accusations

Finally, Mr. Blum has moved this Court to rescind its "defamatory accusations of attorney misconduct" in its opinion denying reconsideration [Record No. 56] and its opinion

granting sanctions against Mr. Blum. [Record No. 57] Mr. Blum argues that the examples which the Court has previously cited were either taken out of context or misunderstood. [Record No. 65]

Without restating all of its prior reasoning, the Court would note that even despite its many warnings, Mr. Blum continues his improper conduct in his latest filings. In her response to Dixon's motion to compel, Lawson attaches a letter which was sent from Mr. Blum to her attorneys.[4] This letter includes a number of improper allegations, including accusing Mr. Mullins of perjury, Mr. Shaw of deliberately deceiving Judge Maricle, and Mr. Mullins of intentionally deceiving this Court. [Record No. 73, Ex. 2, pgs. 2-4] For example, Mr. Blum improperly calls Mr. Mullins a "very treacherous young man," *Id.* at 4, and compares his firm to either identity thieves or bank robbers. *Id.* At 5. Mr. Blum has also attached a copy of the Kentucky State Bar rules regarding attorney supervision, inappropriately accusing Mr. Houlihan of an ethical lapse by failing to properly supervise Mr. Mullins.

The sanctions levied against Mr. Blum are based on the unnecessary expense generated by his extraneous filings and his improper conduct, of which the above letter is only the most recent example.[5] The Court has not "falsely" accused Mr. Blum of improper conduct. Mr. Blum is aware that sanctions may be leveled for conduct which "falls short of the obligations owed by

---

[4] The language and accusations of this letter actually go beyond a previous letter that Mr. Blum sent to Mr. Houlihan. *See* [Record No. 34, Ex. 3, pg. 3] ("[This letter] is a request for voluntary cooperation in connection with an inquiry that will probably be initiated by the Office of Bar Counsel.")

[5] "The making of a threat to report a violation of the Disciplinary Rules is unprofessional and is unethical. *See* EC 1-5 and EC 9-6." Kentucky Bar Association, Ethics Opinion KBA E-265.

[members] of the bar." *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)[6], *citing Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996).

**CONCLUSION**

For the reasons discussed herein, it is **ORDERED** as follows:

(1)  Mr. Blum's Motion for Leave to File a Sur-Reply [Record No. 76] is **GRANTED**. The Clerk is directed to file Mr. Blum's previously-tendered Sur-Reply.

(2)  Lawson's Motion for Attorneys' Fees [Record No. 58] is **DENIED**.

(3)  Mr. Blum's Motion to Compel Disclosure of Whether Pleadings Filed in Record Nos. 26, 31 and 32 Caused Time Expenditures [Record No. 68] is **DENIED**.

(4)  Mr. Blum's Motion to Rescind Defamatory Accusations of Attorney Misconduct [Record No. 65] is **DENIED**.

(5)  Mr. Blum's Objection to Defendants' Affidavits Seeking to Claim Attorneys' Fees [Record No. 66] is **DENIED**.

(6)  Pursuant to 28 U.S.C. 1927, sanctions against Mr. Blum are assessed in the amount of $6,938.00. Mr. Blum is ordered to pay $414.00 to Jonathon C. Shaw in his capacity as the attorney for Defendants Clem and Saylor. The remaining $6,514.00 shall be paid to Savage, Elliot, Houlihan, Moore, Mullins & Erdmann, LLP as counsel for Lawson.

---

6  The Court notes that this is a case in which Mr. Blum was previously sanctioned pursuant to 28 U.S.C. §1927 for vexatiously multiplying proceedings.

This 22nd day of May, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge