UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAVID H. DIXON, | ) | |
| | ) | Civil Action No. 6: 05-466-DCR |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EDWARD G. CLEM, et al, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 16, 2006, Plaintiff David Dixon filed a motion to disqualify the undersigned from further participation in this case. [Record No. 81] However, because all issues properly raised in this Court have been decided and a Notice of Appeal had been filed, the Court presently lacks jurisdiction over this matter. Therefore, the motion will be denied as moot.

As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). The only exceptions to the general rule allow the district court to exercise jurisdiction in "aid of the appellate jurisdiction." *See, e.g., First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 (6th Cir. 1976). Although the Sixth Circuit has not provided a comprehensive list of what constitutes aid of appellate jurisdiction, it appears to include those actions encompassed by Federal Rules of Civil Procedure 54, 59 and 60. *Id., citing Herring v. Kennedy-Herring Hardware Co.*, 261 F.2d 202 (6th Cir. 1958); *see also* Federal Rule of Appellate Procedure 4. However, outside these exceptions a district court's proper exercise

of jurisdiction is extinguished once a proper, timely notice of appeal has been filed. *United States v. Frank B. Killian Co.*, 269 F.2d 491, 494 (6th Cir. 1959).

In the present case, the Court continued to exercise jurisdiction despite a notice of appeal having been filed by Plaintiff. [Record No. 47] Although the Plaintiff initially filed a notice of appeal on January 3, 2006, he previously filed a motion to vacate under Fed. R. Civ. Pro. 59, which was pending at the time of his first notice of appeal. [Record No. 38] Several defendants had also filed a motion for attorney's fees [Record No. 43], which the Court ultimately granted in part. [Record No. 57]

Pursuant to *Herring* and Fed. R. App. Pro. 4, the Court continued to exercise jurisdiction until it disposed of all pending motions. On May 22, 2006, the Court denied Lawson's motion for attorney's fees under Fed. R. Civ. Pro. 54. [Record No. 78]. Therefore, pursuant to Fed. R. App. Pro. 4(a)(4)(B)(i), on that date the Court no longer had exercise jurisdiction over the case at bar. According, the Court being sufficiently advised, it is hereby

**ORDERED** that Plaintiff David Dixon's motion to disqualify [Record No. 81] is **DENIED** as **MOOT**.

This 21st day of June, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge